RECEIVED
IN LAKE CHARLES, LA

JAN 3 1 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| ANTHONY JOSEPH PALERMO, JR. | : | DOCKET NO. 05-1470 |
| VS. | : | JUDGE TRIMBLE |
| E-Z MART STORES, INC. | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM ORDER

The above-captioned case was removed to federal court on the basis of complete diversity between the parties. 28 U.S.C. § 1332. Before removing defendant filed its answer, plaintiff amended his complaint on January 25, 2006, to add a non-diverse defendant, LA Department of Environmental Quality.

Under these circumstances, we look to 28 U.S.C. § 1447(e).[1] It provides,

> [i]f after removal, the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the state court.

28 U.S.C. § 1447(e).

Here, joinder of a non-diverse defendant was permitted as a matter of course pursuant to Fed.R.Civ.P. 15(a). When a non-diverse defendant is joined post-removal, then diversity jurisdiction is destroyed and remand is required. *Cobb v. Delta Exports, Inc.*, 186 F.3d 675 (5th Cir. 1999).[2] Accordingly, the case will be remanded to state court.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 31st day of January, 2006.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[1] We assume (for purposes of this order), that a joinder which is effected without leave of court first obtained is subject to resolution under 28 U.S.C. § 1447(e).

[2] Moreover, defense counsel notified court staff that he does not oppose remand.